# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2020

Lyle W. Cayce
Clerk

No. 20-50370
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BENEDICTO MARTINEZ-SARIO, *also known as* BENEDICTO SARIO-MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-92-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Benedicto Martinez-Sario appeals his sentence of 14 months of imprisonment and three years of supervised release following his guilty plea to illegal reentry into the United States after deportation.  He contends that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50370

8 U.S.C. § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum, based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While Martinez-Sario acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review.

The Supreme Court held in *Almendarez-Torres* that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt. 523 U.S. at 239-47. This court has held that subsequent Supreme Court decisions, such as *Alleyne v. United States*, 570 U.S. 99 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Thus, Martinez-Sario is correct that his argument is foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, the district court's judgment is AFFIRMED, and the Government's alternative motion for an extension of time to file a brief is DENIED as moot.